```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BARRY E. SHELLEY,                  :
          Plaintiff,               :
     v.                            :   Case No. 3:09-cv-181-MBC-KAP
GEORGE PATRICK, WARDEN,            :
S.C.I. HOUTZDALE, et al.,          :
          Defendant                :

BARRY E. SHELLEY,                  :
          Plaintiff,               :
     v.                            :   Case No. 3:09-cv-182-MBC-KAP
JEFFERY MULLEN, et al.,            :
          Defendant                :
```

## Report and Recommendation

### Recommendation

Plaintiff has filed motions to proceed in forma pauperis. They should be denied and the complaints dismissed.

### Report

Plaintiff was an inmate at S.C.I. Houtzdale when he filed the complaints in these matter, but was released and is no longer subject to the Prison Litigation Reform Act's provision for payment of the filing fees in installments. I ordered plaintiff to file an in forma pauperis motion in order to proceed, and plaintiff has done so, informing the court only that he is not employed, has no income, and has no dependents. This is inadequate to justify in forma pauperis status. Plaintiff is not incarcerated, does not indicate that he is disabled, and shows no reason other than his current lack of resources for transferring the cost of his private litigation to the taxpayer. Even if plaintiff submits a revised

motion, he should not be granted in forma pauperis status because his complaints are futile.

Plaintiff's first complaint advances three claims regarding his conditions of confinement while he was incarcerated. Shelley first claims that on June 6, 2006, his legal mail was opened in an improper fashion. Any claim, even if it had merit, is well beyond the statute of limitations[1]. Plaintiff next alleges dissatisfaction with the health care provided while he was in prison. Assuming that plaintiff's dissatisfaction continued to a point within the statute of limitations and that plaintiff exhausted his administrative remedies, see 42 U.S.C.§ 1997e(a), the expressions of dissatisfaction plaintiff sets out in his complaint do not remotely state facts that would allow an inference that any

---

1. Because 42 U.S.C. §1983 does not contain a statute of limitations period, a court looks to the statute of limitations governing analogous state causes of action. Wallace v. Kato, 127 S.Ct. 1091 (2007). Here, plaintiff's claim is one for damages for personal injury. Actions for personal injury in Pennsylvania are governed by 42 Pa.C.S.§ 5524, which reads in relevant part:

§5524. Two year limitation
The following actions and proceedings must be commenced within two years:
. . .
(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.
. . .
(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

2

defendant was deliberately indifferent to his serious medical needs. In <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009), the Supreme Court advised lower federal courts that in construing the adequacy of a complaint under Fed.R.Civ.P. 8, a court:

> "... can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

<u>id.</u>, 129 S.Ct. at 1950. Plaintiff's allegations regarding his medical care are not unrealistic or nonsensical, but they are merely conclusory statements no more adequate than the bare assertion "defendant is liable to plaintiff."

Plaintiff's final claim is that he did not receive certain hygiene items and was not allowed greater access to the law library because he did not comply with institutional rules about employment. In the absence of any colorable claim that the institutional rules were unconstitutional or led to plaintiff being deprived of basic human rights or access to court, the denial of benefits to plaintiff because he did not comply with the prison's rules violates no federal law.

In plaintiff's second complaint, "Event No. 1" through "Event No. 4" expressly attack the conduct of employees of Somerset County or the Court of Common Pleas of Somerset County for their roles in the revocations of plaintiff's parole or probation in 2000

or 2001. "Event No. 5" and "Event No. 6" allege that a probation officer wronged plaintiff by recommendations he made in the presentence report which was submitted before the imposition of sentence on plaintiff in 2003, a sentence which plaintiff recently completed. Those events happened far beyond the limitations period for any federal claim. Further, the defendants named for their roles in preparing a presentence report for the judge who sentenced plaintiff would be protected by derivative judicial immunity from any claim for damages. To the extent plaintiff wishes to attack the validity of the sentence and the underlying convictions themselves, which is what "Event No. 7" appears to indicate, that is the subject of the habeas corpus petition at Case No. 3:09-cv-80-MBC-KAP.

The court should not allow plaintiff to proceed in forma pauperis on meritless or inevitably time-barred claims because the grant of in forma pauperis is more than a ministerial act to be taken upon a claim of indigence: it is the judicial commitment of public resources to a private litigant on the theory that the public good is advanced by the pursuit of a meritorious (or at least colorable) claim. The Court of Appeals for the Third Circuit elaborated on the justification for limits in granting in forma pauperis status in Deutsch v. United States, 67 F.3d 1080, 1092 (3d Cir.1995). Deutsch affirmed the dismissal of a federal inmate's claim under the Federal Tort Claims Act that the United States owed

him $4.20 because corrections officers had taken his pens and not returned them, saying:

> Aside from the fact that we are satisfied that Deutsch's claim lacks meaning to him as a frequent filer of frivolous complaints, we find that **a court's obligation to guard its resources counsels dismissal of this claim**. Indeed, this claim lacks meaning from the court's point of view such that **dismissal would be warranted even if the claim were brought by a litigant who had never before filed an *in forma pauperis* suit in federal court**. Significantly, the reasonable paying litigant would not find justification for the expense of filing suit in a moral or other non-monetary victory over the defendant. ... **[T]he public simply should not be paying for an indigent litigant to pursue in federal court a claim that the paying litigant is practically barred from pursuing**.

(my emphasis). <u>Deutsch</u> indicates that meritless claims should not be subsidized by a grant of <u>in forma pauperis</u> status whether or not the plaintiff is an inmate. If plaintiff does not pay the filing fee **and** submit a meritorious complaint these matters should be dismissed for failure to prosecute. If plaintiff pays the filing fee but does not submit a meritorious complaint the complaints should be dismissed for failure to state a claim.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation. Under <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103 (3d Cir.2002), plaintiff is given notice that he may amend his <u>in forma pauperis</u> motion to show why he is not able and will not be able to pay the filing fees, and he may amend his complaints to state a claim, file objections without

amending his complaints, or both file objections and amended complaints.

DATE: August 13, 2009

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

    Barry Shelley
    364 Covered Bridge Road
    Rockwood, PA 15557