IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BARRY E. SHELLEY, :
      Plaintiff, :
      v. : Case No. 3:09-cv-181-MBC-KAP
GEORGE PATRICK, WARDEN, :
S.C.I. HOUTZDALE, et al., :
      Defendant :

## Report and Recommendation

### Recommendation

Pending are defendants' motions to dismiss, docket no. 21, docket no. 34. They should be granted.

### Report

Plaintiff was an inmate at S.C.I. Houtzdale when he filed the complaint in July 2009, and was released shortly thereafter. I recommended that the plaintiff's motion to proceed in forma pauperis be denied, and the Court agreed, but the Court of Appeals for the Third Circuit declared plaintiff indigent and remanded. Defendants filed motions to dismiss in June and July 2010. When plaintiff had not responded after four months, on October 12, 2010, I ordered plaintiff to respond by the end of the month. On October 28, 2010, plaintiff submitted a motion for an open-ended extension of time to respond, without explanation for the failure to respond or reason for granting an extension. The complaint should be dismissed as a sanction under Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir.1984)[1].

---

1. The Third Circuit requires the weighing of six factors in deciding whether to dismiss a civil case as a sanction for failure
(continued...)

Plaintiff's complaint is also meritless. I observed that it was meritless in my review under 28 U.S.C.§ 1915A, see docket no. 2, and nothing has changed. Plaintiff named nine individual employees of the Pennsylvania Department of Corrections and the "prison health care administration staff" but describes only three incidents involving a subset of them in his complaint. Plaintiff claims that on June 6, 2006, defendant Smith opened his legal mail improperly. This is well beyond the two year statute of limitations applicable to plaintiff's complaint. See Shelley v. Mullen, Case No. 3:09-cv-182-KRG-KAP (W.D.Pa. November 2, 2010) at 2 n.2.

Plaintiff next alleges dissatisfaction with the health care provided while he was in prison. On a date not specified

---

(...continued)
to prosecute: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Plaintiff is completely responsible for his failure to prosecute, does not offer any excuse, and does not even have the handicap of being in prison like the last time he abandoned a lawsuit. Shelley v. Sprowls, Case No. 3:01-cv-226-MBC-KAP (W.D.Pa.), aff'd, No. 05-1909 (3d Cir. August 2, 2005). The prejudice from having to defend the civil suits that follow the criminal prosecution of plaintiff is mostly to the taxpayer, but there is probably some minimal distraction to the defendants individually, as well as financial loss to defendant Civiello who has had to retain private counsel. Because plaintiff is proceeding in forma pauperis no financial sanction is appropriate or effective. Most importantly, plaintiff's claims are meritless.

defendant Civiello allegedly "did nothing only tests" and told plaintiff that he would not be referred to a podiatric specialist for plaintiff's problems (not detailed in the complaint) with one of his feet. Alleging that after tests a medical care provider decided not to pursue an unspecified course of treatment does not even allege negligence, much less deliberate indifference, even assuming that Civiello's actions fell within the statute of limitations period. As the Supreme Court said, Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009): "pleadings [which are] no more than conclusions, are not entitled to the assumption of truth." Plaintiff has done nothing to clear up the lack of specificity even about when defendant Civiello is alleged to have seen him.

On another date not specified, defendant O'Brock told plaintiff he would be scheduled to have a cavity filled, but plaintiff was not seen until two years later. Plaintiff alleges the delay caused the worsening of his cavity, but he does not allege any facts that would allow the inference that O'Brock (or anyone else) prevented him from having the cavity filled, much less that O'Brock did so aware that plaintiff was at risk for serious medical consequences[2].

---

2. Plaintiff's allegations about his dental care called to mind the allegations he made against the Somerset County Prison in Shelley v. Somerset County Prison, Case No. 3:04-cv-1-MBC-KAP (W.D.Pa.), a case in which that defendant provided plaintiff's dental records from S.C.I. Houtzdale. See id. docket no. 24-8 at Exhibit H. O'Brock apparently saw plaintiff at S.C.I. Houtzdale in December
(continued...)

Plaintiff's final claim is that he did not receive certain hygiene items and was not allowed greater access to the law library, because he did not comply with institutional rules about employment. As I said before, in the absence of any colorable claim that the institutional rules were unconstitutional or led to plaintiff being deprived of basic human rights or access to court (most certainly not the case with plaintiff), the denial of some commissary items and additional access to the library because he did not comply with the prison's rules violates no federal law.

Plaintiff's complaint should be dismissed.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to this Report and Recommendation.

DATE: November 2, 2010

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Barry Shelley
364 Covered Bridge Road
Rockwood, PA 15557

---

(...continued)
2003, and told plaintiff to be ready for oral surgery (by a Doctor Yovino, who is not a defendant), surgery which plaintiff refused. The fillings plaintiff complains were delayed took place in 2004 and 2005, years beyond the limitations period.

4