IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BARRY E. SHELLEY,
    Plaintiff,
  v.
GEORGE PATRICK, WARDEN,
S.C.I. HOUTZDALE, et al.,
    Defendant

Case No. 3:09-cv-181-MBC-KAP

Report and Recommendation

Recommendation

    Pending is defendant Civiello's motion to dismiss, docket no. 48. It should be granted.

Report

    As the Court knows, in July 2009 plaintiff filed a complaint about various dissatisfactions with the health care at S.C.I. Houtzdale, shortly before he was released. I previously recommended that the complaint be dismissed as a sanction for plaintiff's failure to respond, and the Court agreed, but an unsigned *per curiam* opinion of the the Court of Appeals returned the matter so that plaintiff could file an amended complaint. As amended, the plaintiff's complaint added no allegations against defendant Civiello, who filed a motion to dismiss at docket no. 48. Plaintiff was ordered to respond by August 31, 2011, docket no. 50, and plaintiff has not. The arguments for dismissing plaintiff's complaint for lack of prosecution are the same as the last time, with the additional history of another six month's unexplained delinquency in failing to obey an order to respond to a motion to dismiss. The complaint should be dismissed as to defendant

Civiello for lack of prosecution. See Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir.1984)[1].

Plaintiff's complaint is also meritless. It was meritless at the point of my review under 28 U.S.C.§ 1915A, it was meritless when I recommended dismissal the last time, and because no new allegations have been added in the amended complaint, it is still meritless.

Recognizing that plaintiff's complaint was meritless, docket no. 44-1 at 5-6, the Court of Appeals ordered that under Grayson v. Mayview State Hospital, 293 F.3d 103 (3d Cir.2002), plaintiff had to be given another chance to amend his complaint. Plaintiff amended his complaint but did not add any allegations against defendant Civiello. No further chances are warranted. It is inequitable for a defendant to have to keep spending money to defend against a meritless complaint on the off chance that if

---

1. Poulis requires the weighing of six factors in deciding whether to dismiss a civil case as a sanction for failure to prosecute: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Plaintiff is completely responsible for his failure to prosecute, does not offer any excuse, and is not in prison. Because plaintiff is proceeding in forma pauperis no financial sanction would be appropriate or effective. Plaintiff's claims are meritless.

given one more try plaintiff might hit on allegations that will state a claim.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: March 14, 2012

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Barry Shelley
364 Covered Bridge Road
Rockwood, PA 15557