IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY E. SHELLEY, )<br>)<br>Plaintiff, )<br>v. )<br>GEORGE PATRICK, RANDALL E. )<br>BRITTON, NANCY SMITH, NORENE )<br>GREENLEAF, DEBRA YOUNKIN, )<br>PRISON HEALTH CARE )<br>ADMINISTRATION/STAFF, ERNEST )<br>OBROCK, MICHELLE DRISKEL, )<br>MICHELLE IVICIC, and )<br>WILLIAM CIVIELLO )<br>)<br>Defendants. ) | CV 09-181 |

## MEMORANDUM OPINION

This matter was referred to Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C.§ 636(b)(1), and subsections 3 and 4 of Local Rule 72.1 for Magistrate Judges.

### I.     Procedural History

This is a *pro se* civil rights action originally filed by Plaintiff on July 9, 2009, while he was incarcerated. Within weeks of filing his complaint and a motion for leave to proceed *in forma pauperis*, he was released from prison. Plaintiff was thus ordered to submit a new address and either submit the filing fee or a new *in forma pauperis* motion. Plaintiff complied; however, we denied his motion for *in forma pauperis*. Plaintiff appealed and the Third Circuit Court of Appeals reversed our Order finding that the motion for leave to proceed *in forma pauperis* was proper and remanded the case with instructions to grant the motion and permit the case to proceed. Shelley v. Patrick, No. 09-3947, slip op. (3rd Cir. Jan. 20, 2011)(*per curiam*).

After remand, motions to dismiss were filed by Defendants. We granted these motions and dismissed the complaint. Again plaintiff appealed, and the Third Circuit Court of Appeals found that we had abused our discretion by dismissing the complaint for failure to prosecute. Shelley v. Patrick, No. 10-4762, slip op. (3rd Cir. May 5, 2011) (*per curiam*). However the Court agreed with us that Plaintiff's allegation of interference with his legal mail was time-barred. Id. at n.3. Additionally, the Court agreed that Plaintiff's Complaint was insufficient as it did not state a claim to relief that was plausible on its face. Id. at 5. The Court declined to affirm on that basis, however, as we had failed to permit Plaintiff an opportunity to amend his complaint. Thus, the Court remanded the case so that Plaintiff could file an Amended Complaint. Id. at 4-5.

Plaintiff's original complaint, which both this court and the Third Circuit Court of Appeals found to be insufficient to state a claim to relief that was plausible on its face, alleged claims against prison administration and staff for violations of his constitutional rights. In particular, he claimed that he received inadequate medical treatment for his foot and for dental work at unspecified dates, and that his legal mail was improperly opened in 2006. As stated, the Third Circuit Court of Appeals agreed with us that Plaintiff's claim regarding his legal mail was time-barred.

On July 20, 2011, Plaintiff filed his Amended Complaint with attached exhibits (ECF No. 46), followed by additional supporting exhibits on August 5, 2011 (ECF No. 52), and again on September 8, 2011 (ECF No. 53). Plaintiff's Amended Complaint states in relevant part as follows:

> See attached Exhibits that Plaintiff's Records will explain claims as to medical problems that Defendants neglected.

Amended Complaint, ECF No. 46. The attached exhibits consist of the following documents:

2

   A. PA Department of Public Welfare Employment assessment form, 1/17/2011
   B. Somerset Family Practice Radiology Examinations, 11/20/2009
   C. Somerset Hospital Bill dated 2/11/2010
   D. Bedford Surgical Associates Procedure check sheet, for procedure set for 3/28/2011
   E. Prescription information sheets for Atenolol , Gemfibrozil, & Terazosin 11/5/2010
   F. Treatment Acceptance and Payment Arrangement form with detailed itemization for Dental procedures,  4/11/2011
   G.  Somerset Hospital Results for XR Esophagus-Barium Swallow (3/15/2011); Ultrasound of Liver (11/25/2009); XR Cervical Spine 2 or 3 Vws (11/18/2009); XR Lumbar Spine 2 or 3 Vws (11/18/2009); XR Knee Bilat Comp min 4 Vws (11/18/2009); XR Thoracic Spine 3 Vws (11/18/2009); XR Chest PA & LAT (9/8/2009);
   H. Podiatric doctor Eckerd (not filed but referenced in ECF No. 51)
   I. Fabian Family Chiropractic Bill dated 8/1/2011 for services 11/18/09-5/6/2011
   J. Dr. David Faber (not filed but referenced in ECF No. 51)
   K. Somerset Family Practice (not filed but referenced in ECF No. 51)

ECF Nos. 46, 51, 52, and 53.

Motions to dismiss were separately filed by Defendant Civiello (ECF No. 48) and the remaining Defendants (ECF No. 56), arguing for dismissal for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).  The Magistrate Judge issued a report and Recommendation dated March 14, 2011, recommending granting Defendant Civiello's motion.  Plaintiff was given 14 days to object, but no objections were filed.

II.   **Standard of Review**

In ruling on a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted a Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) , quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir.

2002), and citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563, n.8 (2007). A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, --- U.S. ----, ---, 129 S.Ct. 1937, 1949 (2009), citing Twombly, 550 U.S. at 555.

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949, citing Twombly, 550 U.S. at 556. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "This [standard] 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556. Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted).

The Supreme Court in Iqbal explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id., citing Twombly, 550 U.S. at 555. See also Phillips, 515 F.3d at 232 ("We caution that without some factual allegation in the

4

complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.")(citing Twombly, 550 U.S. at 556 n. 3 (2007)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

Finally, if the court decides to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. As explained in Phillips,: "We have instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." 515 F.3d at 236, citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)).

### III.  Analysis

We will dismiss Plaintiff's Amended Complaint for failure to allege sufficient facts to support a cognizable legal claim. Plaintiff's Amended Complaint consists of his bare allegation that he suffered "medical problems that Defendants neglected." (ECF No. 46.) This statement in is "an unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has determined is insufficient to satisfy Rule 8's requirement of alleging facts that show that the pleader is entitled to relief. Iqbal, 129 S.Ct. at 1949.

Nor can Plaintiff rely on his attached exhibits to show that he has alleged "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 570. The attached exhibits are various medical records and bills, along with one employment assessment form, showing that Plaintiff

has undergone various medical procedures but these records show no evidence of medical neglect and have no connection to any claim against the named Defendants.

We have reviewed all of Plaintiff's documents. We find that there is no basis for a cause of action and find that the documents taken together do not give defendants fair notice of what the claims are and the grounds upon which they rest. Fed.R.Civ. P. 8(a)(2). We remain unable to discern any factual allegation to support Plaintiff's claims, and can find no allegations of overt acts committed by any defendant, as opposed to vague, ambiguous, and conclusory allegations. Finally, Plaintiff has failed to provide an indication as to when any alleged event occurred.

Therefore, because Plaintiff's Amended Complaint fails to state sufficient facts to state a claim to relief that is plausible on its face we will grant Defendants' motions and dismiss the Amended Complaint. In addition, we will dismiss the Amended Complaint with prejudice. Plaintiff has been given the opportunity to cure his originally filed insufficient Complaint and has failed to do so. In fact, his Amended Complaint contains fewer factual allegations than his original, insufficient Complaint. We therefore find that to permit Plaintiff to file another amendment would be both "inequitable [and] futile." Phillips, 515 F.3d at 236.

## IV. Conclusion

For the reasons stated above Defendants' motions to dismiss will be granted, and Plaintiff's Amended Complaint will be dismissed with prejudice.

An appropriate Order follows.

## ORDER

Upon de novo review of the pleadings and documents in the case, together with the report and recommendation, the following Order is entered.

AND NOW, this **3rd** day of **April**, 2012, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' Motions to Dismiss (ECF No. 48 & 56) be and hereby are GRANTED because Plaintiff has failed to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).

The report and recommendation filed on March 14, 2012, is modified as stated within this Memorandum Opinion.

IT IS FURTHER ORDERED that Plaintiff's Amended Complaint is hereby DISMISSED with prejudice.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc:   counsel of record

      Barry Shelley
      364 Covered Bridge Road
      Rockwood, PA 15557